UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| In the Matter of: | }<br>} |
| SHONTAIL M. WELLS<br>SSN: XXX-XX-4053 | } CASE NO. 15-80056-CRJ-13<br>}<br>} |
| | } CHAPTER 13 |
| Debtor(s). | } |
| | } |
| SHONTAIL M. WELLS | } A.P. NO. 15-80015-CRJ-13 |
| | } |
| Plaintiff(s),<br>v. | }<br>}<br>} |
| AMERICAN FINANCIAL, INC. | }<br>} |
| Defendant(s). | } |

**MEMORANDUM OPINION**

This adversary proceeding came before the Court for trial on June 9, 2015, and the Court rendered a oral ruling at the conclusion of the trial. In conformity with the Court's findings of fact and conclusions of law as rendered in open court, and as set forth herein, the Court finds that the Alabama Motor Vehicle Lease Agreement entered into between the Plaintiff and American Financial is a true lease under applicable Tennessee law.

It is undisputed that on December 20, 2014, the Plaintiff entered an agreement titled Alabama Motor Vehicle Lease Agreement (the "Lease Agreement") with American Car Center, LLC, in Huntsville, Alabama. Pursuant to the Lease Agreement, the Plaintiff agreed to make bi-weekly payments of $198.08 for 91 months to "lease" a 2012 Dodge Avenger. The Lease Agreement provides that the Plaintiff has the option to purchase the vehicle at the

Case 15-80015-CRJ    Doc 22    Filed 06/22/15    Entered 06/22/15 13:18:31    Desc Main
Document    Page 1 of 4

end of the lease term for $3,444.05. Additionally, the Lease Agreement includes a provision entitled Early Termination of the agreement.

The Lease Agreement provided for an amount of $1,200 due at lease signing or delivery. The Plaintiff testified that she made a down payment of $700 on December 20, 2014, and that she made additional payments of $250 towards the down payment. Plaintiff filed for bankruptcy relief under Chapter 13 of the Bankruptcy Code on January 9, 2015. She seeks to include the vehicle obligation as a secured debt in her Chapter 13 plan to be paid by the Chapter 13 Trustee with monthly payments of $373, with 5.25% interest, to begin in month 15 of the plan and adequate protection payments of $192 monthly.

The Defendant argues that the Lease Agreement is a true lease pursuant to TENN. CODE § 47-1-203(b) because it does not bind the Plaintiff to become the owner of the vehicle at the end of the lease term, and the agreement provides for early termination. TENN. CODE § 47-1-203(b) provides as follows:

> (b) A transaction in the form of a lease creates a security interest if the consideration that the lessee is to pay the lessor for the right to possession and use of the goods is an obligation for the term of the lease and is not subject to termination by the lessee; and:
>
> (1) The original term of the lease is equal to or greater than the remaining economic life of the goods;
>
> (2) The lessee is bound to renew the lease for the remaining economic life of the goods or is bound to become the owner of the goods;
>
> (3) The lessee has an option to renew the lease for the remaining economic life of the goods for no additional consideration or for nominal additional consideration upon compliance with the lease agreement; or

2

> (4) The lessee has an option to become the owner of the goods for no additional consideration or for nominal additional consideration upon compliance with the lease agreement.

The Plaintiff argues that there is not an effective early termination provision in the Lease Agreement because the amount owed on early termination is difficult to calculate. Paragraph 26 of the Lease Agreement provides for early termination if the lessee is not in default and satisfies the early termination obligation as calculated in Paragraph 27.

The Court need not determine whether the Early Termination provision is effective because the Plaintiff failed to establish that the Lease Agreement is a security interest under TENN. CODE § 47-1-203(b)(1)-(4). The original term of the Lease Agreement is not equal to or greater than the remaining economic life of the 2012 Dodge Avenger SXT. At the end of the lease term, the vehicle will be six years old. The agreed upon price of $3,444.05 for which the Plaintiff can purchase the vehicle at the end of the lease term indicates that the vehicle will continue to have value at the end of the lease term.

Although the Plaintiff has the right to purchase the vehicle at the end of the lease term, the Lease Agreement does not bind the Plaintiff to renew the lease for the remaining economic life of the vehicle or to become the owner of the vehicle. Paragraph 21 of the Lease Agreement specifically provides that the Plaintiff does not have to purchase the vehicle at the end of the term. "LEASE END: If you do not elect to purchase the Vehicle at the End of the Lease Term, you agree to pay Assignee a Disposition Fee in the amount of $0.00. You must return the Vehicle to the Lessor at Lessor's address unless Assignee specifies another place. . . ." (ECF 12 Motion for Summary Judgment filed by Defendant, Ex. A). John Moses , Vice President of American

Financial, testified that American Financial does not allow customers to retain leased vehicles at the end of the lease term and simply continue to make lease payments. At the end of the lease term, customers are required to come in and sign a separate class of loan documents to buyout the vehicle.

Finally, the Lease Agreement provides that the Plaintiff may purchase the vehicle at the end of the lease term by paying $3,444.05. The Plaintiff argues that the payment of $3,444.05 constitutes nominal additional consideration under TENN. CODE § 47-1-203(b)(4). According to the Defendant, the payment of $3,445.05 represents 20% of the vehicle's original agreed upon value of $16,300. The Plaintiff, while arguing the payment is nominal, asserts that the buyout amount represents 38.8% of the value of the vehicle at buyout. Whether the payment represents 20% or 38.8% of the vehicle's original value, the Court finds that the payment is not nominal using either calculation. *See Celeryvale Transport, Inc. v. M.W. Kellogg Comp.*, 822 F.2d 16, 19 (6th Cir. 1987)(finding a 10% purchase option was not nominal).

Based upon the forgoing, the Court finds that the Alabama Motor Vehicle Lease Agreement entered into between the Plaintiff and American Financial is a true lease under applicable Tennessee law. A separate order will be entered consistent with this opinion.

Dated this the 22nd day of June, 2015.

/s/ Clifton R. Jessup, Jr.
Clifton R. Jessup, Jr.
United States Bankruptcy Judge